UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LANCE CHARLES ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM STOCKWELL, et al.,<br><br>　　　　　Defendants. | NO: 12-CV-0178-TOR<br><br>ORDER DENYING MOTIONS |

BEFORE THE COURT are Plaintiff's Motion for Appointment of Counsel (ECF No. 5) and Motion for Protective Order (ECF No. 6). Plaintiff also filed a document titled "Motion in Support of Civil Rights Complaint By a Prisoner" which the Court construes as a memorandum in support of the complaint. Plaintiff, a prisoner at the Airway Heights Correction Center, is proceeding *pro se* and *in forma pauepris*; Defendants have not been served.

ORDER DENYING MOTIONS -- 1

1  Plaintiff did not note his motions for hearing as required by Local Rule for
2  the Eastern District of Washington 7.1(h).  Since this is the first time that Plaintiff
3  has failed to do so, the Court has noted Plaintiff's motions for him on the date
4  signed below.  The motions were heard without oral argument.  **PLAINTIFF IS
5  CAUTIONED THAT ANY FURTHER MOTIONS SUBMITTED TO THE
6  COURT WITHOUT NOTING THEM FOR HEARING IN COMPLIANCE
7  WITH THE LOCAL RULES WILL NOT BE ADDRESSED BY THE
8  COURT.**

9  **APPOINTMENT OF COUNSEL**

10  This Court has discretion to designate counsel pursuant to 28 U.S.C.
11  §1915(e)(1) only under exceptional circumstances.  *Terrell v. Brewer*, 935 F.2d
12  1015, 1017 (9th Cir. 1991).  Determining whether exceptional circumstances exist
13  requires evaluating "the likelihood of success on the merits and plaintiff's ability to
14  articulate his claims *pro se* in light of the complexity of the legal issues involved."
15  *Id*. (citation omitted).

16  Plaintiff asserts he needs the assistance of counsel to preserve his parental
17  rights with his minor child.  Because Federal District Court should abstain from
18  exercising jurisdiction in domestic affairs, it would not be appropriate for this
19  Court to designate counsel for that purpose.  Plaintiff may seek counsel in an
20  appropriate state or tribal court action.

ORDER DENYING MOTIONS -- 2

Plaintiff contends his issues are complex and may require extensive legal expertise. By separate Order to Amend or Voluntarily Dismiss, the Court has provided Plaintiff with relevant legal standards and directed Plaintiff how to present a legally sufficient complaint. Accordingly, the record does not reflect exceptional circumstances which warrant the appointment of counsel to assist Plaintiff at this time. **IT IS ORDERED** Plaintiff's Motion for Appointment of Counsel (ECF No. 5) is **DENIED.**

## MOTION FOR PROTECTIVE ORDER

Plaintiff also asks this Court to enjoin Defendants from taking retaliatory actions against him. Plaintiff's concerns appear speculative. In any event, this Court has no jurisdiction to address Plaintiff's motion until he has filed a legally sufficient complaint. *See* generally Fed. R. Civ. P. 3 and the notes following the rule. Furthermore, Defendants are not parties to a suit before being served with process. *See e.g. Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995). Accordingly, **IT IS ORDERED** Plaintiff's Motion for Protective Order (ECF No. 6) is **DENIED**.

ORDER DENYING MOTIONS -- 3

1    **IT IS SO ORDERED**. The District Court Executive is directed to enter this

2    Order and forward a copy to Plaintiff.

3    **DATED** this 28th day of June, 2012.

4                  *s/ Thomas O. Rice*

5               THOMAS O. RICE
              United States District Judge

ORDER DENYING MOTIONS -- 4